MR. JUSTICE ERICKSON
delivered the opinion of the Court.
Pursuant to C.A.R. 21, the petitioners who were the plaintiffs, in a professional liability case, sought a writ in the nature of prohibition to prevent the respondent district court from precluding discovery. We issued a rule to show cause and now discharge that rule.
The plaintiffs have sued Dr. L. M. Robertson, alleging that he negligently performed neurosurgery on plaintiff O’Brian LaRay Posey, a minor, between the dates of July 22 and August 21, 1975. The plaintiffs also named the Presbyterian Medical Center as a defendant and assert that the hospital was negligent in appointing, supervising, and retaining Doctor Robertson on its staff during the period of time that the injuries were suffered.
In August 1975, the doctor’s admitting privileges to the hospital were suspended, pending an investigation of his treatment of the minor plaintiff. The medical advisory board of the Presbyterian Medical Center created an ad hoc committee, consisting of four staff physicians, to review Doctor Robertson’s treatment of the minor plaintiff. The ad hoc committee met twice and then recommended that the doctor be summarily suspended pending further investigation. On November 1, 1975, the medical advisory board met and suspended Doctor Robertson from the hospital staff.
The plaintiffs sought to take the depositions of the members of an ad hoc committee appointed by the medical advisory board of the defendant Presbyterian Medical Center to review the care and treatment provided to the minor plaintiff O’Brian LaRay Posey by Doctor Robertson at the medical center. Subpoenas and notices to take depositions were served on the ad hoc committee to enable the plaintiffs to take the depositions of the doctors. The defendant hospital filed a motion for a protective order and a *398 motion to quash the subpoenas. The district court quashed the subpoenas because of a privilege created by the legislature to facilitate the workings of the hospital review committees. We affirm that ruling. The sole issue before us is the validity of the order quashing the subpoena.
The statutes which the trial court relied upon provide:
Section 12-43.5-101, C.R.S. 1973 (1976 Supp.):
“(1) It is the policy of this state to encourage discipline and control of the practice of health care rendered by physicians by committees made up of physicians licensed to practice in this state. It is the duty of such committees to openly, honestly, and objectively study and review the conduct of practice by members of the profession, including the quality of service and when appropriate, the length of hospital confinement.
“(2) It is the duty of the health care profession to do all things necessary to provide the public with services of proper quality at the lowest reasonable cost. To this end, review committees and members thereof should be granted certain immunities relating to their actions within the scope of the official conduct of their responsibilities and should additionally review, discipline and educate the profession by free, open and unfettered exercise of professional judgment.”
Section 12-43.5-102(3)(e), C.R.S. 1973 (1976 Supp.):
“(e) The records of a review committee shall not be subject to subpoena in any civil suit against the physician, but at the request of the State Board of Medical Examiners, the Board shall be provided a summary of the findings, recommendations, and disposition of action taken by a review committee.” (Emphasis supplied.)
The plaintiffs rely on the language emphasized above to support the contention that the records of a hospital review committee are only privileged in a suit against a physician. The precision of the statutory reference to suits against a physician is said to evince a legislative intent to deny protection to records subpoenaed in a suit against a hospital for its allegedly negligent supervision and retention of the defendant doctor. We believe that such a narrow reading of the statutory privilege would eviscerate the legisltive scheme envisioned by section 12-43.5-101, et seq. “In enacting a statute, it is presumed that: ... the entire statute is intended to be effective.” Section 2-4-201, C.R.S. 1973.
“We will not construe a statute in such a way as to defeat the legislative intent .... In statutory construction, legislative intent is the polestar.” People v. Lee, 180 Colo. 376, 506 P.2d 136, 139 (1973). See also section 2-4-212, C.R.S. 1973. Although the wording of section 12-43.5-102 is infelicitous, we do not think that it strains canons of judicial construction to construe section 12-43.5-102 to mean that “the records of a review committee shall not be subject to subpoena in any civil suit,” including a suit against a hospital.
*399 Title 12, Article 43.5 provides for the establishment of hospital review committees with broad latitude to “investigate or cause to be investigated the quality of care being given by any physician licensed” under Title 12, Article 36. “An investigation may relate to a physician’s professional qualifications, clinical competence, mental or emotional stability, physical condition, or any other matter affecting the quality of care provided.” Section 12-43.5-102(3)(a), C.R.S. 1973 (1976 Supp.).
It is apparent that such investigations will be merely perfunctory if the wide-open inquiry envisioned by the statutory scheme is made the subject of discovery.
“Constructive professional criticism cannot occur in an atmosphere of apprehension that one doctor’s suggestion will be used as a denunciation of a colleague’s conduct in a malpractice suit.” Bredice v. Doctor’s Hospital, Inc., 50 F.R.D. 249, 250 (D. D.C. 1970), aff’d on rehearing, 51 F.R.D. 187 (D. D.C. 1970), aff’d, 479 F.2d 920 (D.C. Cir. 1973).
Moreover, the legislative declaration set out above clearly expresses the legislature’s desire that hospital review committees be allowed to act unfettered by fear of subsequent liability. St. Lukes Hospital v. Industrial Comm., 142 Colo. 28, 349 P.2d 995, 997 (1960).
We note that other jurisdictions, faced with similar questions, have reached a similar conclusion. Tucson Medical Center, Inc. v. Misevch, 113 Ariz. 34, 545 P.2d 958 (1976); Matchett v. Superior Court, 40 Cal. App. 3d 623, 115 Cal. Rptr. 317 (1974); Oviatt v. Archbishop Bergan Mercy Hospital, 191 Neb. 224, 214 N.W.2d 490 (1974); see also Cal. Evidence Code § 1157 (1968).
We are faced with an intent imperfectly expressed by the legislature. In order to give effect to that intent and to prevent the statutory scheme for hospital review committees from being emasculated, we construe section 12-43.5-102(3)(e) to preclude discovery of the records of those committees in any civil action. People v. Silvola, 190 Colo. 363, 547 P.2d 1283 (1976). To permit the subpoenas to be utilized to reach the records of the committee would permit the plaintiffs to do indirectly what they cannot do directly. The legislative intent was that the records of the review committee would be privileged, so that the committee could freely, openly, and with unfettered discretion exercise its collective professional judgment.
Accordingly, the rule to show cause is discharged.
MR. JUSTICE KELLY dissents.
MR. JUSTICE CARRIGAN does not participate.